UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the
LABORERS' PENSION TRUST FUND-
DETROIT & VICINITY, *et al*,

      Plaintiffs,

v

CELL-CRETE, INC., a domestic Michigan
corporation, and ANTHONY V. LUPI, individually,
and d/b/a CELL-CRETE, INC.,

      Defendants.
_____/

Case No. 09-10528

Hon. Robert H. Cleland

ORDER FOR EXAMINATION OF JUDGMENT
DEBTOR AND RESTRAINING TRANSFER OF CERTAIN
PROPERTY SUPPLEMENTARY TO JUDGMENT

**Anthony V. Lupi**

THIS MATTER having come before this Court on Plaintiffs' Motion for Examination of Judgment Debtor and Restraining Transfer of Certain Property Supplementary to Judgment, and said motion having been duly filed along with a supporting Affidavit and Brief, and the Court having reviewed the same and being fully advised in the premises;

NOW THEREFORE;

IT IS HEREBY ORDERED that Anthony V. Lupi, individually and as officer and director of the Defendant corporation ("Defendant"), whose address is 324 East Shore, Whitmore Lake, Michigan 48189, appear at the law offices of Erman, Teicher, Miller, Zucker & Freedman, P.C., 400 Galleria Officentre, Suite 444, Southfield, Michigan 48034, on **August 27, 2009 at 10:30 a.m.,** to be examined under oath concerning the income, property, or other means of satisfying the Judgment entered herein against Defendants on June 25, 2009.

IT IS FURTHER ORDERED that said person shall bring with him the following books, records, and papers in his possession, custody or control as they relate to Defendants Cell-Crete, Inc., a Michigan corporation, and Anthony V. Lupi, individually and d/b/a Cell-Crete, Inc.:

1. All checkbooks, check registers, check stubs, canceled checks, bank statements and other documents whatsoever relating to any deposit, savings, passbook or like account maintained with a bank, savings and loan association, credit union or like organization, in which Defendants have, or have had, any interest, at any time during the three (3) years immediately preceding the date hereof, or date of cessation of business, whichever is earlier;

2. Copies of all returns, schedules and forms filed by, or on behalf of, Defendants with the Internal Revenue Service, State of Michigan, and any municipal governments, relating to any income received, property owned, business activities, sale or intangibles tax, of Defendants at any and all times during the period three (3) years preceding the date hereof or date of cessation of business, whichever is earlier;

3. All books of account and accounts receivable ledgers;

4. List of assets and liabilities;

5. All contracts of purchase, sale, bills of sale, certificates of title and deeds, and all other evidences of title or instruments of whatsoever kind or nature, relating to the purchase, sale or ownership of any property, real or personal, or any interest therein, purchased, sold or owned by, or on behalf of, Defendants at any time during the five (5) years immediately preceding the date hereof or date of cessation of business, whichever is earlier; and

6. Copies of all profit and loss statements and balance sheets relating to the affairs of Defendants prepared by, or on behalf of, said Defendants during the period three (3) years immediately preceding the date hereof or date of cessation of business, whichever is earlier.

7. Copies of all payroll records and payroll related records disclosing hours worked and hours paid to individual laborers employed by Defendants for the time period March 2008 to the current date, including, but not limited to: (i) IRS forms W-2, 1099's, 990's, 991's, (ii) quarterly MESC contribution reports, (iii) payroll ledgers, (iv) employee hourly earnings histories, and (v) employee earnings broken down on a job-by-job basis.

IT IS FURTHER ORDERED that said Defendants, Anthony V. Lupi, individually and d/b/a Cell-Crete, Inc., and Cell-Crete, Inc., a Michigan corporation, and their officers, directors, employees and agents, and any third party who is served with a true and entered copy of this Order, are restrained from transferring or disposing of any property of Defendants, whether now owned, or hereafter acquired by, or becoming due to Defendants, until further order of this Court. This order does not apply to property exempt by law from application to the satisfaction of the judgment.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 30, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 30, 2009, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522